**BERMAN, ET, Plaintiffs-Appellees, v GLASS, ET, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20618.   Decided July 24th, 1947.

Krueger, Gorman & Davis, Cleveland, for plaintiffs-appellees.

M. M. Felsman, Cleveland, for defendants-appellants.

## OPINION

By SKEEL, J.

This action comes to this court on questions of law from a judgment of the Court of Common Pleas entered for the plaintiffs-appellees on their petition, seeking to enforce the

claimed obligations of the defendants under the terms of a written guarantee.

The plaintiffs were the owners of property located at the corner of East 105th Street and Massie Avenue in the City of Cleveland. They improved the property by erecting thereon a gasoline service station.

One Robert Glass who operated a small gasoline station nearby, entered into certain negotiations with the plaintiffs. The plaintiff, Barnett Berman, during the course of the negotiations informed Robert Glass that if he was "a man of worth or has a good rating to pay the rent" he would rent him the station. He said he would give Robert Glass a ten year lease at $350.00 per month rent. Robert Glass informed this plaintiff that he would have to consult with his brother Myron E. Glass, one of the defendants herein, who, with the other defendant, David M. Myers, was engaged in wholesaling gasoline and oil and oil products of the Texaco Company under the trade name of Texas Distributing Company.

As the negotiations progressed, the plaintiff, Barnett Berman, informed Robert Glass that he would have to have "security for the lease" and with that purpose in view he was directed by Robert Glass to talk with Myron E. Glass.

The record discloses at least two meetings between Myron E. Glass and Barnett Berman, in which the terms of a guarantee was considered. There is considerable conflict in the evidence as to what was said between Myron E. Glass and the plaintiffs. The plaintiff testified that he demanded security for the lease. His lawyer testified that a guaranty up to the sum of $4200.00 was demanded to secure the payment of the rent for the last year of the lease. Myron E. Glass testified that he agreed to pay the first year's rent. In any event the negotiations resulted in the drafting of a guarantee which was signed by the defendants and returned to the plaintiffs, which guarantee provided as follows:

"This surety agreement entered into at Cleveland, Ohio this 25 day of February, 1931, by and between D. N. Myers and Myron E. Glass, hereinafter called the 'guarantors' and Barnett Berman and Sadie Y. Berman, hereinafter called the 'assureds.'

### WITNESSETH

That whereas the assureds have heretofore, to-wit, on the 21st day of January, 1931, entered into a lease with one Robert E. Glass covering certain property known as and located at the southeasterly corner of Massie Avenue and East 105th Street, Cleveland, Ohio,

And, whereas, it is the intention of the guarantors herein to guarantee the payments of certain rentals under said lease up to a certain amount.

It is therefore agreed and understood that the undersigned, D. N. Myers and Myron E. Glass, do hereby guarantee the payment of said rentals accruing under said lease and to be paid by the said Robert E. Glass to the said assureds up to the sum of Forty-Two Hundred Dollars ($4200.00).

It is understood that any sum or sums paid by the said guarantors for and on account of the said Robert E. Glass, under the terms of said lease, shall be correspondingly deducted from the total amount of the guarantee herein.

D. N. Myers

Myron E. Glass."

It is the claim of the plaintiffs that at the time Robert Glass or his successor in possession was evicted from the gasoline station, there was over $8000.00 due for unpaid rent, and that these defendants, because of the guarantee, are liable for the payment of such rent, up to the limit of the guarantee of $4200.00. From a judgment of the court for the plaintiff in the sum of $4200.00, with interest and costs, the defendants prosecute this proceeding in error, claiming:

1. That the guarantee was given without consideration.

2. That it is a limited guarantee and inasmuch as the plaintiffs have received more than $4200.00 under the lease the defendants' obligation under the guarantee have been discharged.

3. That the guarantee contains a provision that all sums paid the plaintiffs by the guarantors under the terms of the lease should be correspondingly deducted from the total amount of the guarantee and that they having paid $3620.00 or twenty dollars more than the first year's rent, and cannot now be held under such guarantee for more than $580.00 and interest.

The first of these contentions is not well taken. While it is true that the lease is dated January 27, 1931, and Robert Glass took possession of the premises about February 10, 1931, and the guarantee was not executed until February 25, 1931, it is undisputed that the lease and the guarantee were parts of the same transaction and the guarantee was in fact given in consideration for the plaintiffs entering into a lease with Robert Glass.

The defendants' second contention is likewise not well taken. The guarantee was given to secure to the plaintiffs the

lessees' performance of his obligations under the lease to the limit of the amount of the guarantee. The cases cited by defendants whereby courts have interpreted certain guarantees in commercial transactions as "limited guarantees" are not, under the facts of this case, applicable here. When the guarantee was signed, the full extent of the liability of the lessees for the performance of whose obligations security was demanded, was known. The guarantee provides in part:

"It is therefore agreed that the undersigned  *  *  *  * do hereby guarantee the payment of the rentals accruing under said lease  *  *  *  up to the sum of Four Thousand Two Hundred Dollars ($4200.00)."

While it is true there are claims on one side that such guarantee was for the payment of the first year's rent, and on the other as the last year's rent, a reading of the guarantee does not bring such claims within its terms. We conclude, therefore, that the guarantee was as to all the rentals provided for under the lease, but in no event to exceed the sum of $4200.00.

We come now to the last contention of the appellants that they have paid the plaintiffs $3620.00 upon the rental obligation of Robert Glass under the lease, and therefore under the provisions of the guarantee they are entitled to a credit in that amount against the face amount of the guarantee of $4200.00.

The provision of the guarantee referred to is as follows:

"It is understood that any sum or sums paid by the said guarantors for and on account of the said Robert E. Glass under the terms of said lease shall be correspondingly deducted from the total amount of the guarantee herein."

The evidence is undisputed that Myron E. Glass paid the first year's rent plus twenty dollars. It is the claim of the plaintiff that Myron Glass agreed to pay the first year's rent in addition to the guarantee. The plaintiffs further claim that whether or not their contention in this regard is true, is a question of fact which the trial court resolved in their favor and this court should not disturb such judgment unless we find such conclusion of fact manifestly against the weight of the evidence. But here again, we are bound by the provision of the guarantee. No place does it recite that the defendant Myron E. Glass, would pay the first year's rent and

that the guarantee was to secure the balance of the rent under the lease. It does provide that any payments made "on account of Robert Glass under the terms of said lease shall be correspondingly deducted from the total amount of the guarantee herein." The guarantee was written at the conclusion of all negotiations and therefore must be held to include all the terms agreed upon.

We conclude, therefore, that as a matter of law there being no conflict in the testimony that Myron E. Glass paid to the plaintiff in liquidating a part of Robert Glass' obligation to pay rent under the lease, the sum of $3620.00, the defendants are entitled to have the judgment below modified to $580.00 with interest as originally ordered and as thus modified the judgment is affirmed.

HURD, PJ, and MORGAN, J, concur.